IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Ross, Individually, | : | Consolidated Case Nos. |
| and on behalf of all others | | 2:05-cv-0819 |
| similarly situated, | : | 2:05-cv-0848 |
| | | 2:05-cv-0860 |
| Plaintiff, | : | 2:05-cv-0879 |
| | | 2:05-cv-0893 |
| v. | : | 2:05-cv-0913 |
| | | 2:05-cv-0959 |
| Abercrombie & Fitch Company, | : | 2:05-cv-0964 |
| et al., | | 2:05-cv-0998 |
| | : | 2:05-cv-1084 |
| Defendants. | | |
| | : | JUDGE SARGUS |

OPINION AND ORDER

These consolidated securities cases are before the Court for a ruling on plaintiff City of Dearborn Heights Act of 345 Police and Fire Retirement Systems' motion to compel production of documents from Abercrombie & Fitch's and Robert Singer's privilege logs. For the following reasons, the motion will be denied.

I.

The procedural background of this motion is straightforward. Abercrombie & Fitch had produced a group of documents to the SEC when that agency was investigating the same insider trading allegations that form a part of the plaintiff's claims here. Abercrombie agreed to produce these SEC documents to the plaintiff. When it did so, however, it did not produce a number of documents which had been withheld from the SEC on grounds of privilege. Plaintiff complains that the privilege log developed in conjunction with the SEC production contained an inadequate explanation of why the withheld documents are privileged, and it notes that some of the documents have been produced by Abercrombie in this case unaccompanied by any claim of privilege.

Consequently, plaintiff seeks an order compelling the production of all of the documents described on the privilege log prepared in connection with the SEC document production.

Plaintiff had also sent document requests to defendant Robert Singer. Mr. Singer withheld certain documents on grounds of either attorney-client or work product privilege. Although he prepared a privilege log, plaintiff claims that the log either inadequately describes the documents and the reason for the claim of privilege, or that the information on the log supports a finding that the documents are not privileged. Plaintiff notes that several of the withheld documents have been produced, although perhaps not purposely, in unredacted form, and that the contents of those documents do not appear to be privileged in any way. Thus, plaintiff also seeks an order compelling Mr. Singer to produce all of these documents.

Abercrombie and Mr. Singer filed separate responses to the motion. Abercrombie noted that the privilege log relating to the SEC documents was not prepared in connection with this litigation. In fact, the documents on the privilege log which have been produced in unredacted form were reviewed by Abercrombie's counsel in this case, who determined that no claim of privilege should be made. The process of reviewing all of the documents produced in this case, including documents initially withheld on privileged grounds, is a continuing one, and Abercrombie asserts that until it completes that process and provides plaintiff with a final privilege log, it is simply premature to decide whether the claims of privilege made in connection with the SEC subpoena have any validity. In other words, it is possible that some or all of the documents withheld from the SEC will be produced in this case. If they are not, Abercrombie will prepare a new privilege log which will provide a more detailed explanation of why these documents (and others not

at issue here) are properly subject to a claim of privilege.

Plaintiff's response to this argument is that Abercrombie should not be permitted to wait until its document production is complete in order to produce a privilege log. Rather, it asserts that it is typical that such logs are produced on a rolling basis to keep pace with the production of documents, and that the Court should direct Abercrombie to create its privilege logs sooner rather than later.

Mr. Singer presented different argument because his privilege log was prepared in the context of this case. He argues that his privilege log sufficiently describes the bases for his claim of privilege. Most of the documents withheld relate to Mr. Singer's separation agreement, which was entered into between himself and Abercrombie when he left Abercrombie's employ in 2005. Others relate to drafts of the documents which, although ultimately filed with the public, were being circulated for the purpose of obtaining legal advice as to the contents of the documents.

In response, plaintiff assert that Mr. Singer has not made a particularized showing that each document withheld is privileged, that he has no valid basis for claiming work product protection because there was never any litigation contemplated between himself and Abercrombie concerning the separation agreement, and that drafts of public documents cannot be privileged. The Court will address each of these categories of documents separately.

## II.

Turning first to the Abercrombie documents, the Court agrees with Abercrombie that it would make no sense to conduct a comprehensive review of a privilege log which was not prepared for purposes of this case. Counsel in this case are both entitled to and obligated to prepare their own privilege log

based upon their independent review of the law of privilege and their independent review of the documents in question. Because that review has the potential to cause documents to be produced which are on the SEC privilege log, (and that has already happened), it would not be a wise expenditure of judicial resources to make rulings on the basis of the prior log. As to the timing of Abercrombie's preparation of a privilege log, when the motion was filed, document production was still ongoing. It is the Court's belief that as of the date of this order, most, if not all, of the documents which Abercrombie will produce in this case have now been produced. The Court does not know whether Abercrombie has now prepared and produced a privilege log with respect to its documents. Neither party has supplemented the motion to compel with information about the current status of the privilege log, and it has been some months since the last brief on that issue was filed. Under these circumstances, the Court will simply deny the motion to compel without prejudice to its renewal if, on its privilege log, Abercrombie continues to claim privilege with respect to some or all of the documents withheld from the SEC, and if plaintiff believes that the claim of privilege has been inadequately documented or is substantively incorrect.

The parties' briefing concerning Mr. Singer's privilege log raises different issues. Most of the documents under discussion appear to relate to the details of Mr. Singer's separation agreement. According to the parties, those details have to do with whether Abercrombie would reimburse him for such things as cell phone expenses, his car lease, and closing costs for the sale of his home. While such information might be privileged, depending upon the nature and content of the communications at issue, the Court does not understand the relevance of these matters to this case, nor have the parties focused their

arguments on the issue.  Given the fact that these parties have been particularly diligent about conserving their and the Court's resources during the discovery process, the Court is at a loss to understand why the parties would have spent a significant amount of time and expense briefing a question of privilege with respect to documents which may well be irrelevant to the securities claims advanced by the plaintiff.

This is especially troubling in light of the suggestion, made by the plaintiff in the reply brief, that the Court may wish to undertake an *in camera* review of these documents.  The Court conducts such reviews reluctantly, given the fact that they are not only time-consuming but that they place the Court in the somewhat awkward position of examining documents which one of the parties to litigation has not had the opportunity to review.  The Court has no desire to review a group of documents to determine whether privilege applies when there is little or no reason to believe that the documents, even if produced, would have any relevance to the parties' claims or defenses.

The Court offers the following observations, which may be of use to the parties, with respect to the Singer documents.  One of Mr. Singer's arguments is that privileged documents do not lose that character simply because they also contain business advice. Plaintiff correctly asserts that if the contents of the document can be neatly segregated into legal advice and business advice, the proper course of action is to produce the documents with the legal advice redacted rather than refuse to produce them at all. Further, the Court agrees with Mr. Singer that drafts of documents which are subsequently publicly filed may contain some privileged information such as marginal comments or questions accompanying the documents calling for the giving of legal advice.  Again, however, if there are also unprivileged parts of those documents, such as the draft language itself, the proper

course of action is to produce a redacted document rather than to withhold the document in its entirety.  Perhaps, armed with these observations, any differences between the parties concerning the documents on Mr. Singer's privilege log which are actually relevant to this case can be resolved.

With respect to the other documents, the parties are directed to confer to determine whether some procedure can be established which would permit an attorneys-eyes-only review of documents for relevance purposes without waiving any claim of privilege.  It may well be that such a review would persuade plaintiff's counsel that, regardless of whether reasonable parties could differ on the question of the applicability of any privileged to those documents, there is no value in pursuing their production because of their complete lack of relevance.  If that process does not produce a satisfactory agreement, plaintiff is free to renew its motion with respect to these documents as well.

III.

Based on the foregoing, plaintiff's motion to compel documents from the privileged logs of Abercrombie and Fitch and Robert Singer (#231 in Case No. 2:05-cv-819) is denied.  The parties are instructed to conduct further proceedings concerning these documents as outlined above, and the denial of the motion is without prejudice to the plaintiff's ability to raise issues concerning any continued withholding of these documents either by requesting an informal conference with the Court or, if that would not be productive, renewing its motion to compel.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or

part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge