UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT ROSS, Individually and On Behalf of All Others Similarly Situated<br><br>      Plaintiff,<br><br> vs.<br><br>ABERCROMBIE & FITCH COMPANY, et al.,<br><br>      Defendants. | No. 2:05-cv-00819-EAS-TPK<br>(**Consolidated**)<br><br>CLASS ACTION<br><br>JUDGE EDMUND SARGUS, JR.<br>MAGISTRATE JUDGE TERENCE KEMP |

PLAINTIFF'S MOTION TO COMPEL DEFENDANT ABERCROMBIE & FITCH COMPANY'S SPECIAL LITIGATION COMMITTEE REPORT AND RELATED DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.   SUMMARY OF DISPUTE AND LOCAL RULE 37.2 CONFERENCE..........................2

III.  ARGUMENT....................................................................................................................4

        A.    Since the Derivative Action Has Been Adjudicated Based on the Findings and Contents of the SLC Report, the Report Is Now Part of the Public Record and Subject to Discovery............................................................................4

        B.    Defendants Have Waived Any Relevant Privileges Applicable to the SLC Report and the Related Documents Because They Consented to the Report's Public Filing ........................................................................................7

IV.  CONCLUSION.................................................................................................................9

**I.   INTRODUCTION**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, plaintiff City of Dearborn Heights Act of 345 Police and Fire Retirement System ("plaintiff") hereby moves this Court for an order compelling defendants to produce the 144-page report of Abercrombie & Fitch Company's ("Abercrombie" or the "Company") Special Litigation Committee ("SLC Report" or "Report") and the documents compiled for purposes of the Report and documents referenced in the Report ("the related documents").  Plaintiff initially moved to compel production of the Report in November 2007 and the motion was denied.  However, given the recent adjudication and termination of the Derivative Action – which was based on the contents of the SLC Report – the Report is now part of the Court's record and subject to discovery.[1]

Public policy favors open access to judicial records and requires that the SLC Report now be publicly accessible.  *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983) ("'[O]nly the most compelling reasons can justify the total foreclosure of public and professional scrutiny'" to documents forming the basis of the adjudication.).[2]  In the order denying plaintiff's November 2007 Motion to Compel, this Court recognized the public policy issue involved in a case such as this, stating:  "At an appropriate time, the Court will follow *Perrigo's* directive to hold a hearing concerning how much, if any, of the report to make public."  *Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-0819, 2008 U.S. Dist. LEXIS 33018, at *17 (S.D. Ohio Apr. 22, 2008).  Now that the Derivative Action has been adjudicated and terminated based on the SLC Report, public policy weighs in favor of public access and there is no compelling reason for keeping the Report

---

[1]   "Derivative Action" refers to the consolidated shareholders derivative litigation that was consolidated with this action.  *In re Abercrombie & Fitch Co. Deriv. Litig.*, No. 05-CV-0819 (S.D. Ohio).

[2]   All quotations and citations are omitted unless otherwise noted.  Additionally, all emphasis is added unless otherwise noted.

sealed. *See* Opinion and Order dated March 12, 2009 ("Derivative Order") (Docket #311), dismissing the derivative action.

Plaintiff is also entitled to discovery of the Report and related documents because given the changed circumstances, defendants are not entitled to any protection under any relevant privilege, including the attorney-client and work product privileges. Defendants have waived any privilege because the Derivative Order, which specifically relies on and quotes from the SLC Report, was publicly filed ***with defendants' consent***. Although defendants Abercrombie, Robert Singer ("Singer") and Michael Jeffries ("Jeffries") had the opportunity to object to the public filing of the Derivative Order, they did not. Thus, any privileges previously claimed by them in objecting to the production of the Report no longer apply. Similarly, the related documents are now also subject to discovery as any previously asserted privileges have been waived for the same reason. Based on the arguments set out below, plaintiff's motion to compel production of the SLC Report and the related documents should be granted.

## II. SUMMARY OF DISPUTE AND LOCAL RULE 37.2 CONFERENCE

The Derivative Action was commenced in December 2005 and alleges, among other things, that Jeffries and Singer, who are also defendants in this action, and nine Abercrombie directors, who are not defendants here, permitted the Company to make false or misleading public statements and sold shares of Abercrombie common stock while in possession of material non-public information. The misrepresentations and insider trading of Jeffries and Singer alleged in the Derivative Action are the same facts alleged in this action.

Shortly after the Derivative Action was filed, Abercrombie's board formed a Special Litigation Committee ("SLC") composed of "outside directors" to investigate the derivative claims. On February 16, 2007, Abercrombie issued a release entitled, "Abercrombie & Fitch Directors Receive Report of Special Litigation Committee," in which it reported "[t]he special litigation

committee has concluded that there is no evidence to support the asserted claims, has determined it would not be in the best interest of the Company to pursue those claims and has directed the Company to seek dismissal of the derivative actions." *See* Notice of Issuance of Special Litigation Committee Report and Decision, Exhibit A (Docket # 89). Abercrombie also disclosed in the release that the Special Litigation Committee conducted more than 50 interviews and reviewed more than 100,000 pages of documents. *Id.*

The SLC Report was the subject of plaintiff's prior motion to compel, filed on November 13, 2007 ("November 2007 Motion to Compel") (Docket #156). The primary issue before the Court then was whether the defendants' attaching of the SLC Report to their motion to dismiss in the Derivative Action constituted a waiver of the attorney-client privilege or work product protection that would require them to produce the SLC Report to plaintiff in this action in response to certain document production requests. The Court concluded that simply submitting the SLC Report in conjunction with defendants' motion to dismiss the Derivative Action did not result in a waiver of the attorney-client privilege or work product doctrine. *Abercrombie*, 2008 U.S. Dist. LEXIS 33018, at \*16. The Court specifically did not rule upon what the outcome would be in the event that the SLC Report was relied upon or quoted by the Court in any decision on defendants' motion to dismiss and provided that any such issues would need to be resolved if and when they arose. *Id.* at \*17.

On March 12, 2009, the Court filed the Derivative Order under seal. Derivative Order at 19. The SLC Report was summarized and specifically quoted multiple times throughout the Derivative Order.[3] The Court gave defendants 14 days to advise the Court of any grounds to keep the Derivative Order, or any portions of it, under seal. *Id.* at 19. On March 25, 2009, counsel for the

---

[3] Derivative Order at 9; *id.* at 11 (twice on page 11); *id.* at 13; *id.* at 14; *id.* at 15 (twice on page 15); *id.* at 16 (four times on page 16); *id.* at 17; *id.* at 18 (four times on page 18).

- 3 -

defendants submitted a letter to the Court affirmatively stating that "none of the defendants believes that *any redaction* need be made in this Court's Opinion and Order." Docket #323-2.

On April 13 and 30, 2009, plaintiff's counsel contacted Abercrombie's counsel to determine whether they maintained their objection and refusal to produce the SLC Report in light of the Derivative Order and the unsealing of that decision. Affidavit of Brian K. Murphy ("Murphy Aff."), ¶¶2-3, filed concurrently herewith.

On May 4, 2009, defense counsel confirmed that the defendants maintained their objection and continued to refuse to produce the SLC Report. *Id*.

Plaintiff's counsel submits that in accordance with Fed. R. Civ. P. 26(c) and S.D. Ohio Civ. R. 37.2, they made their best efforts to meet and confer with defendants to resolve the issues raised in this Motion. *Id*.

### III. ARGUMENT

#### A. Since the Derivative Action Has Been Adjudicated Based on the Findings and Contents of the SLC Report, the Report Is Now Part of the Public Record and Subject to Discovery

Where a court relies on alleged confidential documents in adjudicating a dispositive motion, the documents should become part of the public record and subject to disclosure. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (in holding that intervenors were entitled to access to summary judgment motions and supporting materials filed under seal, the court, following the Fourth Circuit, stated that "'once the [sealed discovery] documents are made part of a dispositive motion [*e.g.*, a summary judgment motion ruled upon by the court] . . . they lose their status of being raw fruits of discovery,' and no longer enjoy protected status 'without some overriding interests in favor of keeping the discovery documents under seal'"). It is undisputed that courts throughout the country "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Sixth Circuit recognizes a "strong common law presumption in favor of public

- 4 -

access to court proceedings and records." *Brown & Williamson*, 710 F.2d at 1179. As the Sixth Circuit made clear in *Brown & Williamson*:

> Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.

*Id*. at 1177.[4]

In ruling on Abercrombie's motion to dismiss the Derivative Action, the issues considered by this Court were whether the SLC conducted a reasonable investigation in good faith and whether the SLC's conclusions were reasonable. Derivative Order at 5, 14. The Court unquestionably relied on the SLC Report in determining both issues:

- "This Court has reviewed the record of the SLC's investigation of this matter, including Abercrombie's discovery responses regarding the Committee's work, ***the 144-page Report, with exhibits*** . . . ." *Id*. at 12.

- "Without considering the merits of Plaintiffs' allegations, the Court looks to the SLC Report to determine whether the SLC has established the reasonableness of its conclusions, based upon undisputed facts." *Id*. at 16.

- "The Court finds that, based on the foregoing and the SLC Report as a whole, the SLC had reasonable, factual bases for each of its conclusions." *Id*. at 18.

In addition to relying on the 144-page SLC Report to conclude that the SLC investigation was "conducted in a reasonable manner, and in good faith" (*id*. at 12), the Court specifically cited to

---

[4] *See also Wedgewood Ltd. P'ship I v. Twp. of Liberty*, No. 2:04-CV-1069, 2007 U.S. Dist. LEXIS 45135, at *10 (S.D. Ohio June 21, 2007) ("a strong public right of access attaches when a document is filed or utilized in public proceedings"); *Faktor v. Lifestyle Lift*, No. 1:09-CV-511, 2009 U.S. Dist. LEXIS 47101, at *5-*6 (N.D. Ohio May 20, 2009) ("This Court operates as a public forum, not as a private dispute resolution service . . . that, in deciding whether to allow civil litigants to file records under seal, must consider 'the rights of the public, an absent third party' to which the Court ultimately is accountable.").

the Report 16 times throughout its 19-page Derivative Order.[5] While previously the Court ruled that "the mere filing" of the SLC Report in support of the request to dismiss the Derivative Action was not a waiver of applicable privileges, now that a decision has been rendered, this case stands in a much different position. *See, e.g.*, *Abercrombie*, 2008 U.S. Dist. LEXIS 33018, at *10-*11 ("The [*Perrigo*] Court left open the possibility, however, that after a decision was issued on the motion to dismiss, the District Court might find that the public's right to be informed of the basis of that decision would outweigh *Perrigo's* interests in keeping the report confidential, and it might therefore (after a hearing) order public disclosure of some or all of the report.").

Here, there are no compelling reasons for continuing to deny plaintiff access to the SLC Report. The SLC Report was instrumental in forming the basis of the Court's dismissal of the Derivative Action and it has unquestionably become part of the judicial record and thus should be unsealed and made publicly available.[6] *See Brown & Williamson*, 710 F.2d at 1180-81 ("The public has a strong interest in obtaining the information contained in the court record. . . . The public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions."). The mere fact that a document was submitted under seal does not protect it forever from disclosure. *In re "Agent Orange" Product Liab. Litig.*, 98 F.R.D. 539, 544 (E.D.N.Y. 1983).

---

[5]  *See* n.3, *supra*.

[6]  The SLC Report was the basis for defendants' motion to dismiss the Derivative Action. *See, e.g.* Abercrombie's 10-K filed with the Securities and Exchange Commission on March 27, 2009 ("On February 16, 2007 [the Company] announced that its Board of Directors had received a report of the Special Litigation Committee . . . . The Special Litigation Committee concluded that there is no evidence to support the asserted claims and directed the Company to seek dismissal of the derivative actions. On September 10, 2007, the Company moved to dismiss the federal derivative cases on the authority of the Special litigation Committee report . . . .").

Indeed, defendants chose to have the Derivative Order, which specifically cited to and quoted from the Report, publicly filed, negating any justification to conceal the Report from the public. Because securities fraud violations "implicate matters of obvious public concern" as they clearly affect the integrity of this nation's securities markets, the Report in this case should be unsealed and made publicly available. *See Brown & Williamson*, 710 F.2d at 1180-81; *cf. United States v. Contents of Nationwide Life Ins. Co. Account No. X0961*, No. C-1-05-196, 2006 U.S. Dist. LEXIS 18772, at *14 (S.D. Ohio Apr. 12, 2006) ("[T]he law is clear: the prospect that disclosure of unproven allegations will expose a party to reputational or (by extension) commercial harm does not outweigh the common-law presumption of public access to court records.").[7]

### B. Defendants Have Waived Any Relevant Privileges Applicable to the SLC Report and the Related Documents Because They Consented to the Report's Public Filing

In denying plaintiff's November 2007 Motion to Compel, the Court relied upon *In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997), to support its conclusion that merely filing the SLC Report as an exhibit to defendants' motion to dismiss in the Derivative Action did not result in a waiver of the attorney-client privilege or work product doctrine. *Abercrombie*, 2008 U.S. Dist. LEXIS 33018, at *16-*17. As discussed above, the dictates of *Perrigo* are no longer applicable to this case in its current procedural posture. Furthermore, defendants have waived any previously claimed privileges by consenting to allow the Derivative Order – which relies on and quotes from the SLC Report – to be publicly filed. Defendants were given the opportunity to keep the Derivative Order under seal or

---

[7] At the very least, plaintiff should be entitled to a hearing on whether the Report should be made publicly available. *See, e.g.*, *Abercrombie*, 2008 U.S. Dist. LEXIS 33018, at *15-*16 (stating that "there may come a time when the report must be made public in whole or in part because it has formed the basis for an adjudication . . . . If anything, that reasoning supports Abercrombie's assertion that until the Court actually makes an adjudication of the motion to dismiss and holds the type of hearing contemplated by *Perrigo*, there has been no waiver of any privilege because it is proper to maintain the report under seal.").

redact any privileged information but they chose to have the entire Derivative Order publicly filed. Defendants affirmatively informed the Court they had no objections to publicly filing the Derivative Order even though the filing would result in the disclosure of information that defendants claim to be privileged or otherwise protected. Docket #323-2.

By making no attempt to have the Court seal the Derivative Order, defendants have expressly waived any privileges. Defendants cannot legitimately claim now that they have a continued expectation of confidentiality that would justify any privilege or protection assertions. Since the decision to allow the Report to be publicly filed was within their full control. *In re Oracle Sec. Litig.*, No. C-01-0988 MJJ(JCS), 2005 U.S. Dist. LEXIS 46931, at *21 (N.D. Cal., Aug. 5, 2005) ("A court does not typically force or encourage a party to make the disclosure effecting an express waiver. Instead, the actions that give rise to express waivers are usually within the full control of the party waiving the privilege."); *see also Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2005) (an express waiver of the attorney-client and work product privileges occurs when a party discloses privileged information to a third party or otherwise shows disregard for the privilege by making the information public). Thus, any previously asserted protections have been waived.

The same is true for the related documents. Any asserted privileges as to those documents have also been waived. *See* Order denying motion for extension of time to file motion to compel Special Litigation Committee Report filed November 6, 2007 (Docket #150) at 3 (regarding the documents compiled in preparation for the Special Litigation Committee, this Court stated that if the SLC Report were properly produceable, any claim of privilege by defendant would likely be eliminated as to those documents "because, if the Committee report is not shielded from production, the documents compiled in preparation for that report would similarly not be shielded").

## IV.    CONCLUSION

For all of the above reasons, plaintiff respectfully requests that the Court order defendants to produce the SLC Report and the related documents, which is responsive to Request No. 27 of Plaintiff's First Request for Production of Documents, served September 7, 2007.

DATED:  August 18, 2009              Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ARTHUR C. LEAHY
LAURA M. ANDRACCHIO
LAURIE L. LARGENT
MATTHEW I. ALPERT


            s/ LAURIE L. LARGENT
              LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA  92101-4297
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
MICHAEL F. GHOZLAND
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
Telephone:  310/859-3100
310/278-2148 (fax)

Lead Counsel for Plaintiffs

VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiffs

- 10 -

                    MURRAY MURPHY MOUL + BASIL LLP
                    GEOFFREY J. MOUL (0070663)
                    BRIAN K. MURPHY (0070654)
                    1533 Lake Shore Drive
                    Columbus, OH 43204
                    Telephone: 614/488-0400
                    614/488-0401 (fax)

                    Liaison Counsel

S:\CasesSD\Abercrombie 05\BRF00060369_SLC.doc

CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 18, 2009.

    s/ LAURIE L. LARGENT
    LAURIE L. LARGENT

    COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
    655 West Broadway, Suite 1900
    San Diego, CA 92101-3301
    Telephone: 619/231-1058
    619/231-7423 (fax)

    E-mail: LLargent@csgrr.com

# Mailing Information for a Case 2:05-cv-00819-EAS-TPK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@csgrr.com

- **Laura M Andracchio**
  lauraa@csgrr.com

- **Philip Albert Brown**
  pabrown@vssp.com,kyates@vssp.com,csbrandt@vssp.com

- **Alycia N Broz**
  anbroz@vorys.com

- **Sara E Collier**
  sec@federmanlaw.com

- **David Stewart Cupps**
  dscupps@vssp.com

- **Dana E Deering**
  ddeering@pdfslaw.com,sscalf@pdfslaw.com

- **Nadeem Faruqi**
  nfaruqi@faruqilaw.com

- **Matthew L Fornshell**
  mfornshell@szd.com

- **Sharon Garb**
  sgarb@skadden.com

- **Stuart Gerson**
  sgerson@ebglaw.com

- **Michael F Ghozland**
  mghozland@csgrr.com

- **Jay B Kasner**
  jkasner@skadden.com

- **Beth A Keller**
  bkeller@faruqilaw.com

- **Mark Mathew Kitrick**
  mkitrick@kitricklaw.com,deanna@kitricklaw.com

- **John Joseph Kulewicz**
  jjkulewicz@vssp.com

- **Laurie Largent**
  llargent@csgrr.com

- **Arthur C Leahy**
  artl@csgrr.com

- **Albert Grant Lin**
  aglin@vssp.com

- **Katherine G Manghillis**
  kmanghillis@szd.com,prichardson@szd.com,bspencer@szd.com

- **Joseph Andrew Matteo**
  jmatteo@skadden.com

- **Michelle M McCarron**
  MMcCarron@csgrr.com

- **John Cooper McDonald**
  jmcdonald@szd.com,vseckel@szd.com,jdingess@szd.com

- **E Kelly Mihocik**
  kemihocik@vorys.com

- **Ted Minahan**
  tedm@lerachlaw.com

- **Jamie R. Mogil**
  jmogil@faruqilaw.com

- **Geoffrey J Moul**
  moul@mmmb.com,tiffany@mmmb.com,osborn@mmmb.com

- **Brian K Murphy**
  murphy@mmmb.com,tiffany@mmmb.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com

- **William J Pohlman**
  wjpohlman@vssp.com,kyconley@vorys.com,dmstash@vorys.com,csbrandt@vorys.com

- **Jennifer F Sherrill**
  jfs@federmanlaw.com

- **Steven E Skwara**
  sskwara@ebglaw.com

- **Roger Philip Sugarman**
  rsugarman@keglerbrown.com

- **Michael Roy Szolosi , Sr**
  mrs@mcnamaralaw.us

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Gianetti Investor Group
,
```